### PENNSYLVANIA COMPANY ET AL. v. WATSON.

[No. 11,985. Filed February 20, 1925.]

1. RAILROADS.—*Judgment for damages for obstructing a creek and causing overflow of plaintiff's land sustained by evidence.*—Evidence held sufficient to sustain judgment against a railroad company for damages resulting from the obstruction of a watercourse by its bridge and trestle over a creek and its valley. p. 498.

2. RAILROADS.—*Railroad liable for obstruction of watercourse crossed by it, though obstruction erected by predecessor.*—A railroad's duty, under the act of May 6, 1853 (1 R. S. 1852 p. 409, §13, cl. 5, §5195 Burns 1914) to keep waterways crossed by its tracks free from obstructions is a continuing one and each day's continuance of an obstruction of a watercourse is a new violation of the statute, for which it is liable though its predecessor created the original obstruction. p. 499.

3. RAILROADS.—*Testimony of railroad employees held sufficient to warrant finding of responsibility of defendants for acts of employees.*—In an action against two railroad organizations controlling and operating a part of a large system of railroads, generally known as "the Pennsylvania Railroad," testimony of their employees held sufficiently to disclose that they were in the employ of the defendants and that defendants were responsible for their acts, notwithstanding that, in naming their employer, they used the name now applied to the company operating another part of the system. p. 499.

4. RAILROADS.—*Statutory duty to keep watercourses free from obstructions constructed by it or its predecessors.*—A railroad company which maintains a structure in the channel of a watercourse is under the absolute duty, in the construction and maintenance thereof, to make and provide sufficient opening for the passage of all water, driftwood and other material that may be reasonably expected to come down the stream at that point. p. 500.

From Marion Superior Court (A 18,049) ; *James M. Leathers,* Judge.

Action by Carrie B. Watson against the Pennsylvania Company and another railroad company. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Pickens, Moores, Davidson & Pickens,* for appellants. *George W. Galvin,* for appellee.

NICHOLS, J.—Action by appellee against appellants to recover damages for injury to and destruction of certain items of personal property which were situated on appellee's premises by flood waters overflowing the banks of Big Eagle creek, in March and April, 1922. There was a trial by jury, which resulted in a verdict for five hundred dollars against both defendants, on which, after appellant's motion for a new trial was overruled, judgment was rendered. The only error assigned is the action of the court in overruling the motion for a new trial, the reasons for said motion presenting the insufficiency of ·the evidence, that the verdict is contrary to law, and error in giving certain instructions hereinafter considered.

It appears by the evidence that appellee owned certain real estate in the valley of Big Eagle creek, and near the banks thereof, on which she had some buildings and personal property. Appellants' railroad crossed the creek and its valley a short distance below appellee's property. It had been so located for many

years, long before appellee located in the valley, and before there was any settlement in the valley as a place of residence. Appellants' negligence, as charged, and of which there was some evidence, consisted in the manner in which they maintained the bridge, trestle and embankment on which the road was operated, preventing the flood waters of the stream which overflowed its bank from properly passing off the valley, and thereby flooding and damaging appellee's property.

In presenting the insufficiency of the evidence to sustain the verdict, appellants make only the general statement that there was a total failure of proof connecting appellants, or either of them, with any of the acts of negligence alleged in the complaint, and, for this reason, also contend that the verdict is contrary to law.

There was evidence that the bridge and approaches thereto were supported by trestles and piling which were so constructed as to provide a dam for
1.   drift; that many carloads of stone were dumped between the trestles of the approach; that many piles were driven between the trestles of the approach to the bridge; that old trestles and piles had been sawed off, leaving the stubs sticking up so as to catch the drift; that these obstructions hindered the flow of the water, and caused it to pile up against the embankment and the drift so that it was much higher on the upper than the lower side of ·the bridge and thereby overflowed appellee's land; that conditions were such that in times of high water a force of men was kept there in an effort to keep the ·drift moving. Such evidence was certainly sufficient to justify the jury in its finding that there was negligence which occasioned the damage complained of.

By clause five, §13, of the Act of May 6, 1853, 1 R. S. 1852 p. 409, railroads were given the right to construct their roads across any stream of water or

2, 3. watercourse so as not to interfere with the free use of the same, but such statute also imposed the duty to restore the stream to its former state, or in a sufficient manner not unnecessarily to impair its usefulness. By this act, and by §7683 Burns 1914, Acts 1905 p. 521, this right and duty has continued to this date. That the obligation not to obstruct a stream so crossed is a continuing one, and that it rests equally upon a purchasing company, see *Graham* v. *Chicago, etc., R. Co.* (1906), 39 Ind. App. 294, 77 N. E. 57, where it is held that each day of the continuance of the obstruction is a new violation of the statute. In the light of this authority, and the cases there cited, appellants' argument that they are not liable because the acts of negligence charged were the acts of their predecessor must fail. But appellants say that while certain witnesses testified to the conditions of the bridge, trestle and embankment and, we may add, appellants' connection therewith, appellee's argument that from such facts the jury could properly draw an inference that appellants authorized, directed or permitted the wrongful acts complained of must fail for the reason that none of these witnesses testified that they were in the employ of appellants or either of them, but that all of them testified that they were in the employ of the Pennsylvania Railroad Company. But we are not favorably impressed with such contention. If we are rightly informed, by a recent reorganization of the Pennsylvania system, the lines east of Pittsburgh are known as the Pennsylvania Railroad Company. It is probable that the jury did not understand that the company operating east of Pittsburgh had sent its employees to work on the bridge and its approaches over Eagle creek, near Indianapolis. It is more probable, and the jury might reasonably infer, that these men, however indiscriminately they might

have used the names of the different organizations of the Pennsylvania system, were working for the companies who were operating the railroad over the bridge at Eagle creek, and that such companies, these appellants, were chargeable with their acts while so employed. But the jury was not confined to inference to determine by whom these witnesses were employed. It is frequently disclosed in the course of their testimony that they were working for the companies which operated the railroad that crossed Eagle Creek and valley.

Appellants complain of instruction No. 5 given by the court on its own motion because, as appellants say, it limits appellees' contributory negligence to the time of the alleged injury, but we do not see this limitation in it. It should be considered along with other instructions, and when so considered, it was not erroneous.

Appellants complain of instruction No. 8 given by the court on its own motion because it states that one who maintains a structure in the channel of a 4. natural water-course is bound, in the construction and maintenance thereof, to make and provide sufficient opening in such structure for the passage down the water-course of all water, driftwood and other material that may be reasonably expected to come down such stream at the point in question. They also complain of instruction No. 9, for the reason that it states that such duty is absolute. But these instructions are not stronger than the statute mentioned above which makes it the duty of a railroad company, building across a stream, to restore it to its former state, or in sufficient manner not unnecessarily to interfere with its usefulness. Instruction No. 7 quotes §7683 Burns 1914, *supra,* and the three instructions taken together state the law as favorably to appellants as they may require. No reversible error is presented.

Affirmed.